UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA DURON | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00324-KC-MAT |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Pending before the Court are multiple discovery-related motions, six filed by Plaintiff Patricia Duron ("Plaintiff"), ECF Nos. 47, 48, 49, 59, 64, & 68 and two filed by Defendant Costco Wholesale Corporation ("Defendant"), ECF Nos. 56 & 57. The Court considers: "Plaintiff's Opposed Motion to Compel the Oral and Video of Costco Wholesale Corporation's Corporate Representative and Motion for Continuance for Extension to Respond to Defendant's Motion for Summary Judgment" ("Plaintiff's MTC Vasquez"), ECF No. 47, filed on April 24, 2024; "Plaintiff's Motion to Compel the Oral and Video of Eduardo Robles and Company Safety Policies" ("Plaintiff's MTC Robles"), ECF No. 48, filed April 26, 2024; "Plaintiff's Motion to Compel Defendant's Discovery Responses and Deposition Dates" ("Plaintiff's MTC Discovery Responses"), ECF No. 68, filed May 14, 2024; "Defendant's Motion to Compel Plaintiff's Physical Examination," ECF No. 56, filed May 6, 2024; "Defendant's Motion for Protective Order," ECF No. 57, filed May 6, 2024; and the parties' responsive briefs to the above-motions.

United States District Judge Kathleen Cardone referred the above-referenced motions, to the undersigned for a determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Appendix C to the

Local Rules.[1]  The Court conducted an in-person hearing on these matters on June 26, 2024 and July 23, 2024, at which counsel for the parties were present.  After considering the parties' written filings and the arguments of counsel at the hearings, the Court issued oral rulings, which it now memorializes with this written Order.

## I. BACKGROUND

In this personal injury action, Plaintiff alleges that she slipped and fell at Defendant's retail store in El Paso, Texas.  First Am. Compl. ¶ 6 ("FAC"), ECF No. 25.  On March 11, 2023, Plaintiff alleges she "slipped and fell at, or near, the entrance of the store," which was wet with "rainwater [that] had been tracked and carried into the store by other customers."  *Id*.  As a result, she sustained "severe injuries and damages."  FAC ¶ 9.

The parties have filed multiple motions arguing over discovery. Due to the numerous pending motions, on May 8, 2024, the Court stayed Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment pending a ruling on the above-mentioned motions. *See* Order, ECF No. 63.  Before holding a hearing, the Court required the parties to meet and confer in an effort to resolve their ongoing discovery disputes.  *See* Order Setting Discovery Hearing, ECF No. 71. Notwithstanding the Court's urging that they discuss and attempt to resolve their discovery disputes, the parties did not come to an agreement on any of the issues, thereby requiring the Court's resolution of these disputes in a lengthy hearing over two days.  The discovery deadline is September 30, 2024.  Third Am. Scheduling Order 1, ECF No. 73.

## II. LEGAL STANDARD

---

[1] The Court **DENIES AS MOOT** Plaintiff's "Supplement on Plaintiff's Opposed Motion to Compel the Oral and Video of Costco Wholesale Corporation's Corporate Representative and Motion for Continuance For Extension to Respond to Defendant's Motion for Summary Judgment," ECF No. 49, filed April 26, 2024; "Plaintiff's Request for Emergency Remote Oral Hearing and For Temporary Stay," ECF No. 59, filed May 8, 2024;  and "Plaintiff's Amended Request for Emergency Remote Oral Hearing and For Temporary Stay," ECF No. 64, filed May 9, 2024.

Under the Federal Rule of Civil Procedure 26(b), which sets out the scope of permissible discovery, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The considerations that bear on proportionality are: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. At the discovery stage, relevancy is broadly construed. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). "'[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.'" *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Information discoverable within the scope of Rule 26(b) "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move to compel an answer or production if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery must show specifically how each interrogatory or request is not relevant or specifically state a valid objection thereto. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Conclusory objections such as "overly broad, burdensome, and oppressive" are not adequate to voice a successful objection. *Id*. The court may decline to compel, and at its option, may limit the extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365,

368 (5th Cir. 2009); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

### III.   DISCUSSION

After review of the parties' numerous motions and their arguments at the two hearings, the Court issues the following Order confirming the rulings made for the reasons stated on the record during the hearing.

**A. Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Representative**

By her motion, Plaintiff seeks to compel the deposition of Defendant's corporate representative, Mike Vasquez. *See generally* Pl.'s Mot. to Compel Dep. of Corp. Representative. Plaintiff argues the "deposition topics provided to Defendant describe with reasonable particularity the matters for examination … [and] calculated to lead discovery of admissible evidence." *Id*. ¶ 27.  Defendant stated in its discovery response ("MTC Vasquez Response"), ECF No. 50, and on the record at the hearing that Defendant's topics are overbroad and not proportional to the needs of the case.  MTC Vasquez Resp. ¶ 19.  Defendant further argues that Plaintiff's deposition topics are a "mere attempt to engage in a fishing expedition for information that is irrelevant and will not lead to the discovery of admissible evidence." *Id*.  Specifically, Plaintiff's amended notice of deposition included the following topics:

> (1) Policies and procedures related to premises safety; (2) Hiring, retention, and termination procedures for employees and contractors; (3) Monitoring and supervision procedures for employees and contractors; (4) Training and education procedures for employees and contractors; (5) Enforcement and implementation of policies and procedures for employees and contractors; (6) Knowledge of documents produced; and (7) Policies and procedures for maintenance and repairs on the subject property.

Pl.'s MTC Vasquez ¶ 15.  For the reasons stated on the record during the hearing, the Court **AMENDS** the topics in Plaintiff's notice of deposition and limits the examination topics to the

vestibule, exterior area of Defendant's premises and employees and contractors that may have any responsibility related to maintenance of the vestibule. Accordingly, Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment is **September 9, 2024.**

### B. Plaintiff's Motion to Compel the Deposition of Eduardo Robles

In its motion to compel, Plaintiff argues that Defendant must produce deposition dates for Eduardo Robles, Defendant's store manager the date of the incident, and to produce all customer-related safety policies and weather-related policies. Pl.'s MTC Robles ¶¶ 2,7. The Court **GRANTS IN PART** Plaintiff's motion and limits the scope of deposition to weather policies and customer safety policies that have a bearing on the exterior of Defendant's store only.

### C. Plaintiff's Motion to Compel Defendant's Discovery Responses and Deposition Dates

Plaintiff moves to compel full and adequate responses to nine interrogatories, twelve requests for production, and three depositions. *See generally* Pl.'s MTC Disc. Resp. The Court **ORDERS**:

- The Motion is **GRANTED** as to Interrogatories No. 6, 7, 8, and 16, and Request for Production No. 2.

- The Motion is **GRANTED IN PART** as to Interrogatories No. 13, 14, and 22 and Requests for Production No. 3, 7, 14, 15, 22, 23, 24, 29, 30, 32, and 35.

- The Motion is **DENIED** as to Interrogatories No. 12 and 21

Plaintiff, further, requests to continue the deposition of Defendant's floor employee, Osvaldo Padilla. The Court notes that Plaintiff's counsel has already conducted an approximately five-hour deposition of Mr. Padilla, and to the extent the continuation of the deposition is **GRANTED IN PART**, Plaintiff is limited to asking about his knowledge of information related to inclement weather policies, safety audits, and job hazards analysis.

Second, Plaintiff seeks to depose all the employees from the Costco's Members Services Department which were employed by Defendant on the date of the incident. Plaintiff's motion to compel the depositions of all the employees from Members Services Department is **DENIED**. Defendant shall produce affidavits from Member Services employees to determine which employees were at the store before the incident and during the incident. Defendant is **ORDERED** to produce the identified employees for depositions.

Lastly, Plaintiff seeks to depose Costco's Safety Coordinator, members of Costco's Safety Committee, and members of Costco's Safety Board. Plaintiff's request is **DENIED AS MOOT**.

**D. Defendant's Motion to Compel Plaintiff's Physical Examination**

Next, Defendant seeks to compel Plaintiff to submit to a physical examination pursuant to Federal Rule of Civil Procedure 35. Def.'s Mot. to Compel Pl.'s Physical Examination ¶ 7. Rule 35(a) of the Federal Rules of Civil Procedure empowers a court to order an independent medical examination of a party by a suitably licensed or certified examiner when (1) the party's physical or mental condition is in controversy; (2) the expert is either a physician or psychologist; and (3) good cause is shown. Fed. R. Civ. P. 35(a); *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990). The court's order for an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

In the instant case, the examination would be performed by Dr. Kelly Fitzpatrick, DO, FAAOS, MC. Def.'s Mot. to Compel Pl.'s Physical Examination ¶ 10. Plaintiff's counsel at the hearing took no issue with Dr. Fitzpatrick's qualifications. Accordingly, the Court **GRANTS** Defendant's motion. Additionally, the Court will not permit the audio or video recording of the

examination and notes that the examination will be conducted in a reasonable timeframe within the discretion of Dr. Fitzpatrick's area of expertise.

### E. Defendant's Motion for Protective Order

The Court finds that Defendant's Motion for Protective Order is **DENIED AS MOOT**.

### F. Conclusion

As stated during the hearing, the parties are strongly encouraged to work cooperatively to resolve any future discovery disputes promptly, without the need for court intervention, which will greatly enhance the efficient litigation of this case.

**So ORDERED** and **SIGNED** this <u>7th</u> day of August, 2024.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE